IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLIE OSBORNE, :

        Plaintiff, : Case No. 3:13cv425

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE IMMEDIATE PAYMENT OF BENEFITS FOR THE CLOSED PERIOD FROM JULY 1, 2009, THROUGH AUGUST, 2010; TERMINATION ENTRY

---

Plaintiff has brought this action, pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits for the closed period from July 1, 2009, through August, 2010. On January 23, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's finding that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, for the period from her claimed onset date of July 1, 2009, through the date of the Administrative Law Judge's decision on August 16, 2012, be found supported by

substantial evidence and, accordingly, affirmed. Based upon thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations of the United States Magistrate Judge in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act for the closed period from July 1, 2009, through August, 2010, was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #14) are sustained, to the extent that she objects to the Magistrate Judge's finding of non-disability, for the discrete, closed period from July 1, 2009, through August, 2010. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled for the above-referenced closed period and, therefore, not entitled to benefits under the Social Security Act for that closed period from July 1, 2009, through August, 2010, is reversed, and the captioned cause is ordered remanded to the Defendant Commissioner for the immediate payment of benefits for that closed period from July 1, 2009, through August, 2010. To the extent the Magistrate Judge's Report and Recommendations recommended the affirmance of a non-disability finding for a period from September 1, 2010, through August 16, 2012, same is adopted. To the extent that said judicial filing recommended affirmance of a non-disability finding for the above-referenced closed period, same is rejected.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and

Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. It is true that there is no acceptable medical source who opines that Plaintiff was "disabled" during the closed period above-referenced. However, these medical opinions consider only the acceptable medical source's specific field of specialization. While no acceptable medical source opined, within the specific parameters of his or her specialty, that Plaintiff was disabled for this closed period, the Administrative Law Judge has considered each of these reports from accepted medical sources in a vacuum, removed from the context of the Plaintiff's overall medical condition, considering all severe and non-severe impairments during the relevant time period.


Rather than pulling a specific medical opinion out of its overall whole or context, a consideration of all the medical opinions, together with the relevant hospital notes and other significant parts of the Administrative Record in this case, renders it <u>inconceivable</u> that this Plaintiff, during the closed period of time from her onset date of July 1, 2009, through August of 2010, had the ability to perform work activity at any level, for eight hours a day, five days a week, fifty-two weeks a year, as required by the Social Security Act. As stated by SSR, 96-8p:

> Ordinarily, [the] RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's ability on that basis, a 'regular and continuing basis' means eight hours a day, for five days a week, or an equivalent work schedule.

Therefore, the Defendant's conclusion that Plaintiff was not disabled, and, accordingly, not entitled to benefits under the Social Security Act for the above-referenced closed period is <u>not</u> supported by substantial evidence. The fact that the Plaintiff's residuals from a stroke or from a flare up of Crohn's Disease, for example, might have lasted for less than one year, does not conclusively determine that a combination of those conditions (and others), considered together, did not render the Plaintiff disabled within the meaning of the Social Security Act for a given period of time.

2. To the extent that the Magistrate Judge's Report and Recommendations (Doc. #12) focuses on the entirety of the period from Plaintiff's onset date of July 1, 2009, through the date of the Administrative Law Judge's decision on August 16, 2012, with the exception of the closed period from July 1, 2009, through August of 2010, same is adopted. To the extent his Report and Recommendations covers the entirety of said three year plus period of claimed disability, which

period would include the closed period referenced above, said judicial filing is rejected. Plaintiff's Objections (Doc. #14), specifically referencing the discrete, closed period referenced above, are sustained.

    3.    In this case, a remand for the immediate payment of benefits for the closed period of July 1, 2009, through August, 2010, rather than a remand for further administrative proceedings, is proper, given that evidence of disability for said closed period is strong, if not overwhelming, while contrary evidence is weak. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in part and rejects same in part, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act for the period from the claimed onset date of July 1, 2009, through August, 2010, a period which includes a discrete, closed period from July 1, 2009, through August, 2010, was _not_ supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #14), to the extent that they object to the Magistrate's finding that his recommendation of non-disability include the discrete, closed period from July 1, 2009, through August of 2010, are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for the

immediate payment of benefits for the discrete, closed period from July 1, 2009, through August of 2010.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

October 6, 2015

*/s/ Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record